IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY ALLEN,

    Plaintiff,

vs.                                                                                          No.

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT FOR DAMAGES FOR NEGLIGENCE

Plaintiff, Mary Allen makes the following averments for her complaint:

1. This is a civil action against defendant United States of America for money damages arising from injuries to Mary Allen caused by the negligence of Dorothy Chee, an employee of the Navajo Nation, a federally recognized Indian tribe located partly in the State of New Mexico, and by the negligence of the Navajo Division of Health/Department of Behavioral Health Services. At the time of the complained of incident, Ms. Chee worked for the Navajo Nation in the Division of Health/Department of Behavioral Health Services, a tribal program funded by defendant United States and operated under auspices of the Department of Health and Human Services.. Due to the negligence of Ms. Chee in the operation of a government-owned motor vehicle, Mary Allen suffered serious bodily injury on or about August 19, 2009, near Northern Navajo Medical Center in Shiprock, New Mexico. The United States is liable under the Federal Tort Claims Act for the negligence of Ms. Chee and her employer, the Navajo Nation Division of Health/Department of Behavioral Health Services.

**FEDERAL COURT JURISDICTION UNDER FEDERAL TORT CLAIMS ACT**

2.  This complaint is brought against defendant United States of America pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b) and 28 U.S.C. §2671 et seq., and also pursuant to 28 U.S.C. §1331. The FTCA vests the court with exclusive jurisdiction over plaintiff's claims against the United States for the negligent acts and omissions of its "employees," which includes employees of the Navajo Nation Division of Health/Department of Behavioral Health Services.

3.  At all material times, Ms. Chee was an "employee of the government" within the meaning of 28 U.S.C. § 2671, and was operating a vehicle owned by the defendant United States of America through its contractor, the Navajo Nation Division of Health/Department of Behavioral Health Services. The complained of acts and omissions were done by the agent, servant, and employee of defendant United States, acting within the course and scope of her employment.

4.  At all material times, defendant United States authorized and funded the Navajo Nation Division of Health/Department of Behavioral Health Services pursuant to a contract with the United States authorized under the Indian Self-Determination and Educational Assistance Act, Public Law 93-638 (25 U.S.C. § 450 et seq.). Such federally funded programs for Indian tribes operate pursuant to federal statutes and regulations independently from state control and supervision. The Navajo Nation receives federal monies from the United States to operate and maintain a broad program of health and human services for tribal members under the ultimate administrative oversight of the United States Department of Health and Human Services ("DHHS").

5. In accordance with Public Law 93-638 or Public Law 100-297, the Navajo Nation Division of Health/Department of Behavioral Health Services is deemed to be an instrumentality or agency of the United States for purposes of FTCA liability.

6. The United States is the proper defendant for tort claims against the Navajo Nation Division of Health/Department of Behavioral Health Services and its employees. 28 U.S.C. § 2674.

7. The plaintiff filed with the DHHS a timely administrative claim under the FTCA for damages on April 12, 2010. The DHHS has failed to respond to the claim. This complaint is filed within the time allowed by 28 USCS § 2675(a). Because DHHS has not responded to the claim within the statutory period, plaintiff is authorized by federal law to file this action at this time against the United States and this court has jurisdiction to entertain the action pursuant to 18 CFR 14.2(b)(3). There are no defects of jurisdiction and no failure to exhaust administrative remedies.

## PARTIES

8. Plaintiff, Mary Allen, is a tribal member and resident of the Navajo Indian Reservation. At all material times she lived in Shiprock, New Mexico within the Navajo Indian Reservation.

9. Dorothy Chee, the driver of the vehicle that collided into Ms. Allen, is a natural person who is a resident of the State of New Mexico and the Navajo Nation. At the time of the complained of incident, she was an employee of the Navajo Nation.

10. The negligence of employees of the Navajo Nation Division of Health/Department of Behavioral Health Services is imputed to the United States. As a matter of federal law, the United States is liable for the negligent acts and omissions of

3

Dorothy Chee, an employee of the Navajo Nation Division of Health/Department of Behavioral Health Services, in the operation of a government owned vehicle in causing injury to Mary Allen. This liability applies to the same extent as if the United States were a private person subject to the laws of the State of New Mexico.  <u>See</u>, 28 U.S.C. § 1346(b); Public Law 93-638; Public Law 100-297.

## **VENUE**

11. Mary Allen's injuries and all events complained of herein happened within the State of New Mexico in Shiprock, New Mexico.

12. Venue is properly laid in this court pursuant to 28 U.S.C. § 1402(b).

## **FACTS OF THE OCCURRENCE**

13. On August 19, 2009, after an appointment, Mary Allen left the Northern Navajo Medical Center in Shiprock, New Mexico and attempted to merge onto US Highway 491.

14. Ms. Allen stopped at a stop sign while waiting for traffic to clear on Highway 491.

15. While Ms. Allen was stopped at the stop sign, Dorothy Chee, an employee of the Navajo Nation Division of Health/Department of Behavioral Health Services, collided into the rear of Ms. Allen's vehicle.

16. Ms. Allen suffered serious physical injuries as a result of collision, which continue to cause her pain.

17. Dorothy Chee owed Ms. Allen a duty to use reasonable care in the operation of the motor vehicle she was driving.

18. Dorothy Chee had a duty to remain attentive and alert when following Ms. Allen's vehicle.

19. Upon information and belief, the Navajo Nation Division of Health/Department of Behavioral Health Services employed Dorothy Chee on the date of the incident.

20. Upon information and belief, Dorothy Chee was on the job performing job duties within the scope of her employment.

21. Dorothy Chee negligently breached her duties described herein when she collided into the rear of Ms. Allen's vehicle.

22. Dorothy Chee acted negligently in the following ways:

   a. In failing to exercise due care in the operation of her motor vehicle;

   b. In failing to keep a proper lookout;

   c. In failing to remain attentive and alert in the operation of her motor vehicle;

   d. In failing to keep a safe distance between her vehicle and Ms. Allen's vehicle;

   e. In failing to operate her vehicle in a safe and reasonable manner.

23. As a direct and proximate result of Dorothy Chee's negligence, Ms. Allen suffered bodily injuries.

24. As a direct and proximate result of defendant's negligence, Ms. Allen has suffered damages, including mental anguish, emotional distress, and pain and suffering which may extend into the future.

25. The negligent acts and omissions of Dorothy Chee in causing injury to Ms. Allen on or about August 19. 2009, were acts and omissions for which the United States would be liable under the laws of the place where the incident occurred if the United States were a private individual.

26. Liability for any and all negligence of defendant's "employee," Dorothy Chee, while she was operating a government-owned motor vehicle, is imputed to defendant United States, which is liable vicariously for all injuries and losses suffered by Mary Allen.

27. Under the FTCA and the law of the place where the negligent acts and omissions complained of occurred, i.e., New Mexico and the Navajo Nation, Mary Allen is entitled to damages for the injuries and losses she suffered.

28. The damages to which Mary Allen is entitled in order to be made whole under the applicable law comprise both special and general damages, including, but not limited to medical expense, non-medical expense, loss of earnings, interference with enjoyment of life, physical pain, emotional suffering, and future damages.

29. Mary Allen claims the right to be paid all relevant personal injury and property damages authorized by the laws of New Mexico and the Navajo Nation, whether specifically mentioned herein or not, with the exception of punitive damages against the United States, which are precluded by statute.

WHEREFORE, Plaintiff prays for the following relief:

A. For judgment in her favor and against the defendant, in amounts to be proved at trial, together with prejudgment interest, and costs; and,

B. For such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully petitions this Court for a trial by jury.

Respectfully submitted,

**BARBER & BORG, LLC**


By___*/s/ Nathan S. Anderson*___
   Nathan S. Anderson, Esq.
   P.O. Box 30745
   Albuquerque, NM  87190
   (505) 884-0004
   Attorneys for Plaintiff